United States District Court
For the Northern District of California

*E-FILED 02-02-2011*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRUSTEES OF THE U.A. LOCAL 393 PENSION FUND AND THE U.A. LOCAL 393 HEALTH AND WELFARE TRUST FUND, <br><br> Plaintiffs, <br><br> v. <br><br> PERFORMANCE AIR SERVICE, INC., <br><br> Defendant. | No. C10-01908 HRL <br><br> **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** <br><br> **REPORT AND RECOMMENDATION** <br><br> [Re: Docket No. 11] |

Plaintiffs are the trustees of two union benefit plans. Defendant employer Performance Air Service, Inc. (Performance Air) is bound by a Master Labor Agreement (MLA) requiring contributions to be made to those plans. (Maraia Decl. ¶¶ 3-7, Exs. 1-2). Pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, plaintiffs sue to recover unpaid contributions owed by Performance Air, as well as damages for belated payments. Specifically, plaintiffs claim that Performance Air (a) owes liquidated damages for contributions belatedly paid for April 2010 through August 2010; and (b) owes principal contributions and liquidated damages for September 2010 and October 2010.[1]

---

[1] Although the complaint alleges that contributions are also owed for February 2010 and March 2010, this court assumes that the only sums at issue now are those detailed in the instant motion.

1  Performance Air was served with the complaint and summons on May 10, 2010.
2  (Docket No. 5). Defendant, however, failed to answer or otherwise respond. At plaintiffs'
3  request, the Clerk of the Court entered Performance Air's default on July 6, 2010. (Docket No.
4  7).

5  Now before the court is plaintiffs' motion for default judgment in the amount
6  $97,918.89, which sum includes the amount of principal contributions owed, plus liquidated
7  damages, attorney's fees, and costs. Performance Air was served with notice of the motion. It
8  did not file any response. The matter is deemed appropriate for determination without oral
9  argument, and the February 8, 2011 motion hearing is vacated. CIV. L.R. 7-1(b). Upon
10 consideration of the moving papers and the record in this case, this court recommends that
11 plaintiffs' motion be granted.

12 After entry of default, courts may, in their discretion, enter default judgment. *See* FED.
13 R. CIV. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to
14 enter default judgment, a court may consider the following factors: (1) the possibility of
15 prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of
16 the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute
17 concerning material facts; (6) whether the default was due to excusable neglect; and (7) the
18 strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.
19 *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all
20 factual allegations in the plaintiff's complaint are taken as true, except those relating to
21 damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). When the
22 damages claimed are not readily ascertainable from the pleadings and the record, the court may
23 conduct a hearing to conduct an accounting, determine the amount of damages, establish the
24 truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b)(2).

25 All of the *Eitel* factors favor entry of default judgment here. Plaintiffs' claims have
26 merit and are sufficiently pled. Having reviewed the complaint, the court finds that plaintiffs
27 have adequately alleged a violation of ERISA by showing that Performance Air did not
28 contribute to the subject plans as required by a collective bargaining agreement and the MLA.

**United States District Court**
For the Northern District of California

29 U.S.C. § 1145. The sum of money at stake in the action is not insignificant. Nevertheless, because all liability related allegations are deemed true, there is no possibility of a dispute as to material facts. Moreover, Performance Air has failed to appear or present a defense in this matter; and, there is no indication that defendant's default was due to excusable neglect. While the court prefers to decide matters on the merits, Performance Air's failure to participate in this litigation makes that impossible. A default judgment against Performance Air is plaintiffs' only recourse.

As noted above, plaintiffs seek $97,918.89, which sum includes the amount of principal contributions owed, plus liquidated damages, attorney's fees, and costs.

Unpaid Principal Contributions

With respect to the unpaid principal amounts, plaintiffs have submitted the declaration of the plans' chief administrator, which confirms that Performance Air owes a total of $56,549.92 in principal contributions for the months of September 2010 and October 2010. (Maraia Decl. ¶¶ 9-10, Ex. 3). This declaration satisfactorily establishes the amount of unpaid principal owed by Performance Air.

Liquidated Damages

ERISA also allows for the collection of liquidated damages when the principal contribution is not paid before a plaintiff fund files suit to collect it. 29 U.S.C. § 1132(g)(2); *see also Idaho Plumbers Trust Funds v. United Mechanical Contractors*, 875 F.2d 212, 215 (9th Cir. 1989) (ERISA's liquidated damages provision applies "when (1) the fiduciary obtains a judgment in favor of the plan, (2) *unpaid* contributions exist at the time of suit, and (3) the plan provides for liquidated damages."). Additionally, plaintiffs may recover unpaid contributions which came due after the lawsuit was filed. *Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398, 1402 (N.D. Cal. 1992). In this case, the MLA requires liquidated damages in the amount of 20% of any principal contribution that has not been paid by the time a collections suit is filed or that becomes owing after such a suit is filed. (Maraia Decl. ¶ 9, Ex. 1 at 69). The record presented indicates that Performance Air belatedly paid principal contributions for April 2010 through August 2010 only after the instant action was

3

filed. (*Id*. ¶ 9, Ex. 3). And, as noted above, the record indicates that principal contributions are still due and owing for September 2010 and October 2010. (*Id*.). The record amply supports plaintiffs' claim for $36,738.98 in liquidated damages.

<u>Attorney's Fees and Costs</u>

Under ERISA, plaintiffs are also entitled to recover reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984). Plaintiffs' counsel has submitted a declaration identifying his billing rates and describing his experience, and identifying work he performed in this case. (Renner Decl. ¶¶ 3-4, Ex. 1). Plaintiffs' request for attorneys' fees should be granted <u>except</u> for the fees incurred by another attorney (identified only as "DAM") because the reasonableness of those fees are not supported by the Renner Declaration. Plaintiffs' counsel has itemized the costs incurred. (Renner Decl. ¶ 5, Ex. 2). Accordingly, this court finds sufficient support in the record to award plaintiffs $4093.50 in attorneys' fees and $508.74 in costs.

Because all parties have yet to consent to the undersigned's jurisdiction, IT IS ORDERED THAT this case be reassigned to a District Court Judge. Further, it is RECOMMENDED that plaintiffs' motion for default judgment be granted and that plaintiffs be awarded $ 97,891.14 in unpaid principal contributions, liquidated damages, attorney's fees and costs. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(B) & (C).

Dated: February 2, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-01908-HRL Notice has been electronically mailed to:

Mark Stephen Renner     mrenner@wmprlaw.com, jchargin@wmprlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.